# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

KYNTREL TREVYONE JACKSON,

    Plaintiff,

v.

B. BERKEY, et al.,

    Defendant.

CASE NO. 3:19-CV-6101-BHS-DWC

ORDER

Plaintiff Kyntrel Trevyone Jackson, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by January 2, 2020, to cure the deficiencies identified herein. The Court also denies Plaintiff's Motion to Seal (Dkt. 6) without prejudice.

## BACKGROUND

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC") alleges his constitutional rights were violated while housed at SCCC, Washington State Penitentiary ("WSP"), Washington Corrections Center ("WCC"), and Clallam Bay Corrections

Center ("CBCC"). Dkt. 5. Plaintiff alleges Defendants have violated his due process, First Amendment, Eighth Amendment, and Fourteenth Amendment rights.[1] Dkt. 5. Plaintiff names the following 21 individuals as Defendants:

- B. Berkey, ARNP (SCCC)
- Liam Wall, Chemical Dependency Counselor (WSP)
- Lisa Robtoy, Mental Health Supervisor (WSP)
- K. Henry, "HSM2" (CBCC)
- Jeri Boe, Superintendent (CBCC)
- W.P. Aurich, Medical Provider (CBCC)
- Jane/John Doe #1, Medical Employee (CBCC)
- Jane/John Doe #2, Medical Employee (CBCC)
- Jane/John Doe #3, Medical Employee (CBCC)
- Karie Rainer, Mental Health Director (DOC HQ)
- Dale Caldwell, Grievance Program Manager (DOC HQ)
- Timothy M. Thrasher, DOC/IMU Manager (DOC HQ)
- Stephen Sinclair, DOC Secretary (DOC HQ)
- Ronna Cole, Health Services Administrator (DOC HQ)
- Rebecca Citrak, "AA3" (DOC HQ)
- J. Edelon, Nurse (WCC)
- Palmer, Medical Provider (WCC)
- A. Johnson, Nurse (SCCC)

---

[1] Plaintiff also alleges his rights under the Sixth Amendment were violated, but provides no factual allegations in support. Dkt. 5 at 16.

- K. Parris, "HSM2" (SCCC)

- Dennis Dahne, Grievance Coordinator (SCCC)

- R. Cresswell, Nurse (SCCC)

Plaintiff's Complaint does not state the type of relief he seeks. *See* Dkt. 5.

DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff is attempting to raise numerous claims based on different events against different defendants. Dkt. 5. Plaintiff challenges numerous unrelated incidents occurring between May 2018 and November 2019 while he was housed at four separate Department of Corrections

("DOC") facilities: WSP, SCCC, CBCC, and WCC. Dkt. 5. For example, Plaintiff alleges while housed at WSP he was denied adequate mental health treatment and at CBCC, WCC, and SCCC, he was denied hygiene products. Dkt. 5.

However, unrelated claims against different defendants must be pursued in separate actions—the claims may not all be combined into one action. Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed.R.Civ.P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir.1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir.1980). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, Plaintiff may not assert multiple claims against unrelated defendants in this action. That all of the Defendants are employed by the DOC is not sufficient to support joinder of claims. Indeed, Plaintiff may not bring a single action for every unrelated incident occurring between May 2018 and November 2019 while he was housed at WSP, SCCC, CBCC, and WCC. For example, Plaintiff may not pursue an Eighth Amendment inadequate medical treatment claim arising out of an incident in May 2018 against providers at WSP while simultaneously

pursuing a claim for the denial of hygiene products while housed at SCCC, CBCC, and WCC in 2019.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court may dismiss this action for failure to comply with a Court order. If Plaintiff wishes to pursue unrelated claims against multiple defendants he must file a separate cause of action for each claim.

**Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff may only bring a claim against multiple defendants if: (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. *See* Fed.R.Civ.P. 20(a)(2). In addition, Plaintiff must specify the type of relief he seeks.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for

the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a amended complaint or fails to adequately address the issues raised herein on or before January 2, 2020, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

## Motion to Seal (Dkt. 6)

Plaintiff also filed a Motion to Seal with his Complaint.[2] *See* Dkt. 6. He requests the Court seal Attachments 1, 3, 4, 5, and 6 because the attachments contain mental health records. Dkt. 5 at 5.

---

[2] Plaintiff's documents are currently filed under seal pending this Court's ruling on the Motion.

Under the Court's Local Rules, "[t]here is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). To rebut this presumption, a party must file a motion that includes:

> [A] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
> i. the legitimate private or public interests that warrant the relief sought;
> ii. the injury that will result if the relief sought is not granted; and
> iii. why a less restrictive alternative to the relief sought is not sufficient[.]
>
> Evidentiary support from declarations must be provided where necessary.

Local Rules W.D. Wash. LCR 5(g)(3)(B). Thus, the burden is on the moving party to come forward with an applicable legal standard justifying the sealing of the documents at issue and to produce evidentiary support showing that the standard is met. *See id.*

Under Rule 26(c) of the Federal Rules of Civil Procedure, a party seeking to seal records attached to nondispositive motions must show "good cause". *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002) (internal quotation marks omitted); *see* Fed.R.Civ.P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Plaintiff argues he does not want the attachments made public because the documents are mental health treatment records. Dkt. 5 at 1. However, the attachments are not mental health records, but health services requests and grievances. Dkt. 6. Plaintiff's Motion does not meet the

procedural requirements contained in Local Rule 5(g) or the "good cause" standard under Rule 26(c).

Accordingly, Plaintiff's Motion is denied without prejudice. Plaintiff may file a renewed motion to seal which complies with Local Rule 5(g) and Rule 26(c). Any renewed motion must be filed by December 16, 2019. Plaintiff's health service kites and grievances (Dkt. 6) filed with the Complaint will remain under seal pending the filing of Plaintiff's renewed motion. If Plaintiff fails to file a renewed motion on or before December 16, 2019, the Court will enter an order directing the Clerk to unseal the documents (Dkt. 6).

Dated this 2nd day of December, 2019.

David W. Christel
United States Magistrate Judge