UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYNTREL TREVYONE JACKSON,

Plaintiff,

v.

B. BERKEY, et al.,

Defendant.

CASE NO. 3:19-CV-6101-BHS-DWC

ORDER

Plaintiff Kyntrel Trevyone Jackson, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Amended Complaint but provides Plaintiff leave to file an amended pleading by January 23, 2020, to cure the deficiencies identified herein. The Court also strikes Attachments 1, 3, 4, 5, and 6 to the original Complaint (Dkt. 6) from the docket as immaterial and denies Plaintiff's Renewed Motion to Seal (Dkt. 9) as moot.

## BACKGROUND

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC") alleges his constitutional rights were violated while housed at SCCC, Washington Corrections Center ("WCC"), and Clallam Bay Corrections Center ("CBCC"). Dkt. 8. Plaintiff alleges Defendants have violated his due process, First Amendment, Eighth Amendment, and Fourteenth Amendment rights. Dkt. 8. Plaintiff names the following 17 individuals as Defendants:

- B. Berkey, ARNP (SCCC)

- K. Henry, "HSM2" (CBCC)

- Jeri Boe, Superintendent (CBCC)

- W.P. Aurich, Medical Provider (CBCC)

- Jane/John Doe #1, Medical Employee (CBCC)

- Jane/John Doe #2, Medical Employee (CBCC)

- Jane/John Doe #3, Medical Employee (CBCC)

- Karie Rainer, Mental Health Director (DOC HQ)

- Dale Caldwell, Grievance Program Manager (DOC HQ)

- Timothy M. Thrasher, DOC/IMU Manager (DOC HQ)

- Stephen Sinclair, DOC Secretary (DOC HQ)

- Ronna Cole, Health Services Administrator (DOC HQ)

- Rebecca Citrak, "AA3" (DOC HQ)

- J. Edelon, Nurse (WCC)

- Palmer, Medical Provider (WCC)

- K. Parris, "HSM2" (SCCC)

- Dennis Dahne, Grievance Coordinator (SCCC)

Plaintiff's Amended Complaint does not state the type of relief he seeks. *See* Dkt. 8.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

This is Plaintiff's second attempt to raise numerous claims based on unrelated events against unrelated Defendants. Dkt. 8. By Order dated December 2, 2019, the Court found "Plaintiff may not assert multiple claims against unrelated defendants in this action" and directed Plaintiff to file an Amended Complaint. Dkt. 7. In the Amended Complaint, Plaintiff again

challenges numerous unrelated incidents occurring between January 2019 and December 2019 while he was housed at three separate Department of Corrections ("DOC") facilities: SCCC, CBCC, and WCC. Dkt. 8. For example, Plaintiff alleges while housed CBCC, WCC, and SCCC, he was denied hygiene products, but each of his claims are based on an entirely unrelated set of facts and against different and unrelated Defendants. Dkt. 8.

The Court again reiterates that unrelated claims against different defendants must be pursued in separate actions—the claims *may not all be combined into one action*. Fed.R.Civ.P. 20(a)(2) (Plaintiff may only bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir.1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir.1980). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, Plaintiff may not assert multiple claims against unrelated defendants in this action, and he may not bring a single action for every unrelated incident occurring between January and December 2019 while he was housed at SCCC, CBCC, and WCC. That all of the Defendants are employed by the DOC is not sufficient to support joinder of claims. Here, Plaintiff may not pursue a claim for the denial of hygiene products while housed at SCCC, CBCC, and WCC based on an entirely different set of facts at each facility, and against different defendants.

1   In his second amended complaint, Plaintiff shall choose which claims he wishes to pursue

2   in *this* action. If Plaintiff chooses to go forward on *all* of the allegations in his Amended

3   Complaint, Plaintiff must then file *two additional separate* complaints -- alleging claims arising

4   while housed at the other two DOC facilities. If Plaintiff does not do so and his second amended

5   complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss this

6   action for failure to comply with a Court order.

7                      **Instruction to Plaintiff and the Clerk**

8           Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights

9   action in this Court, he must file a second amended complaint and within the second amended

10  complaint, he must write a short, plain statement telling the Court: (1) the constitutional right

11  Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly

12  what the individual did or failed to do; (4) how the action or inaction of the individual is

13  connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury

14  Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72,

15  377 (1976). Plaintiff may only bring a claim against multiple defendants if: (1) the claim arises

16  out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there

17  are commons questions of law or fact. *See* Fed.R.Civ.P. 20(a)(2). In addition, Plaintiff must

18  specify the type of relief he seeks.

19          Plaintiff shall present the second amended complaint on the form provided by the Court.

20  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an

21  original and not a copy, it should contain the same case number, and it may not incorporate any

22  part of the original complaint or amended complaint by reference. The second amended

23  complaint will act as a complete substitute for the original Complaint, and not as a supplement.

24

An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,*693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint and Amended Complaint that are not alleged in the second amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the second amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file the second amended complaint or fails to adequately address the issues raised herein on or before January 23, 2020, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff THREE separate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

**Motion to Seal (Dkt. 6)**

Plaintiff also filed a Renewed Motion to Seal.[1] *See* Dkt. 9. He requests the Court seal Attachments 1, 3, 4, 5, and 6 to his original Complaint (Dkt. 5) which contain confidential mental health information. Dkts. 6, 9.

Plaintiff argues, in part, the records should be sealed because he is no longer proceeding on any mental health related claims in this cause of action. *Id.* at 3; *See* Dkt. 5 (Amended

---

[1] Plaintiff's documents are currently filed under seal pending this Court's ruling on the Motion. *See* Dkt. 6.

Complaint). Plaintiff has filed an Amended Complaint and is no longer alleging any claims related to his mental health treatment. *See* Dkt. 8. Therefore, the attachments which Plaintiff seeks to seal are now immaterial to this action. *See* Dkts. 5, 6, 8; *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994) (internal citations and quotations omitted) ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."). Therefore, the Court directs the Clerk to strike Attachments 1, 3, 4, 5, and 6 to the original Complaint (Dkt. 6) from the docket. Fed. R. Civ. P. 12(f) (The court has authority to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading on its own or on a motion made by a party.). Accordingly, the Court denies Plaintiff's Renewed Motion to Seal (Dkt. 9) as moot.

Dated this 30th day of December, 2019.

David W. Christel
United States Magistrate Judge