UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Kyntrel Trevyone Jackson,

         Plaintiff,

   v.

B Berkey, et al.,

         Defendants.

CASE NO. 3:19-cv-06101-BHS-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. §1983, to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.

Before the Court is Defendants' Motion to Consolidate ("Motion") pursuant to Federal Rule of Civil Procedure 42. Dkt. 21. Plaintiff filed a Response, and Defendants filed a Reply. Dkt. 24, 25. The Court denies the Motion without prejudice as consolidation would not serve judicial economy or convenience.

ORDER - 1

## DISCUSSION

Plaintiff is proceeding *pro se* and *in forma pauperis* in three separate civil actions, all filed pursuant to 42 U.S.C. § 1983 and alleging violations of his civil rights. *See* Dkt. 1 ("*Jackson I*"); *Jackson v. Thrasher et al.*, 3:20-cv-05016-BHS-DWC ("*Jackson II*"); *Jackson v. Sinclair et al,* 3:20-cv-05017- BHS-JRC ("*Jackson III*").[1]

The instant action, *Jackson I*, was filed on November 15, 2019. Dkt. 1. In *Jackson I,* the Court previously found Plaintiff was attempting to raise numerous claims based on unrelated events. Dkt. 7, 10. The Court declined to serve Plaintiff's Original and Amended Complaint, finding the claims may not be combined into one action. Dkt. 7, 10. On January 7, 2020, Plaintiff filed his Second Amended Complaint, Dkt. 11, and the Court directed service on January 21, 2020, Dkt. 12. Plaintiff is challenging his conditions of confinement while housed at Stafford Creek Corrections Center ("SCCC") between August 2019 to January 2020. *Id.* at Dkt. 11. Plaintiff alleges he was denied hygiene items, retaliated against by being sexually abused, and denied medical treatment. *Id.* Plaintiff also challenges the grievance process. *Id.* Defendants filed an answer in *Jackson I* on March 23, 2020*.* Dkt. 23.

Plaintiff filed his second action, *Jackson II,* on January 7, 2020. *Jackson II* at Dkt. 1. The Court directed service of the complaint on January 23, 2020. *Jackson II* at Dkt. 6. Plaintiff is challenging his conditions of confinement while housed at Clallam Bay Corrections Center ("CBCC") between January 2019 and June 2019. *Jackson II* at Dkt. 5 at 6. Plaintiff alleges he was denied hygiene items, he was denied adequate or supplemental food, and plaintiff challenges

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980).

the grievance process. *Id.* Defendants filed an answer in *Jackson II* on March 23, 2020. *Jackson II* at Dkt. 14.

Plaintiff filed his third action, *Jackson III*, on January 7, 2020. *Jackson III* at Dkt. 1. The Court directed service of the complaint on March 6, 2020. *Jackson III* at Dkt. 6. Plaintiff is challenging his conditions of confinement while housed at Washington Corrections Center ("WCC") between June 2019 and January 2020. *Jackson III* at Dkt. 5 at 6. Plaintiff alleges he was denied hygiene items and challenges the grievance process. *Id.* Defendants have not yet filed an answer or other responsive pleading in *Jackson III*.

Defendants argue consolidation is appropriate because all three cases allege a deprivation of hygiene items and challenge the grievance process and two cases allege a denial of medical treatment. Dkt. 21. Defendants attempted to confer with Plaintiff but were told Plaintiff did not wish to speak with them Dkt. 21, 22 (Declaration of Counsel for Defendants'). Plaintiff contends the Court ordered him to file separate complaints, finding Plaintiff was attempting to raise numerous claims based on different events against different defendants. Dkt. 24; *See also* Dkt. 7 (Court's Order).

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Fed. R. Civ. P. 42(a).* Under *Rule 42*, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte. In re Adams Apple., Inc. 829 F.2d 1484, 1487 (9th Cir. 1987).* In exercising this discretion, the Court "weighs the saving of time and effort consolidation would

produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984).[2]

Based on the Court's examination of these three actions, Defendants' Motion is denied without prejudice. While the three cases require application of similar laws and some of the same Defendants, each case is based on events occurring at separate facilities: SCCC, CBCC, and WCC. *See Jackson I, Jackson II, Jackson III*; *See* 2011 WL 109143, at *2 (E.D. Cal. Jan. 12, 2011) (denying consolidation of two cases with 19 defendants with claims arising under different time frames). If consolidated, any pre-trial motions which encompass Plaintiff's allegations across all three cases would involve separate and distinct evidence requiring separate evaluations and analyses. This would not conserve judicial resources or effort. Rather, consolidation would cause delays and confusion as the resolution of issues from all three cases would be embedded in single or multiple, likely unwieldy, orders or report and recommendations. *See Gonzales v. Podsakoff,* 2017 WL 2275028, at *2 (E.D. Cal. May 25, 2017), *report and recommendation adopted,* 2017 WL 3913163 (E.D. Cal. Sept. 7, 2017) (denying consolidation of two cases filed by a single *pro se* prisoner-plaintiff because it would not serve judicial economy or convenience). Furthermore, if the cases proceeded to trial, there is a risk of juror confusion since all three cases involve similar allegations against separate sets of defendants for events which occurred at separate facilities. *See id.* In sum, consolidating Plaintiff's three cases would not avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (The purpose of consolidation is to

---

[2] Motions to consolidate are considered non-dispositive and are within the pre-trial authority of the magistrate judge. *See Khalafala v. Miller,* 2011 WL 1815405, at *1 fn. 1 (D. Ariz. Feb. 8, 2011), *report and recommendation adopted,* 2011 WL 1808031 (D. Ariz. May 12, 2011) (citations omitted).

avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact.). Defendants' Motion (Dkt. 21) is denied without prejudice.

Dated this 24th day of April, 2020.

David W. Christel
United States Magistrate Judge