UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR MCKINNON,

                Plaintiff,

     v.

TAMMY NIKULA, et al. et al.,

                Defendants.

CASE NO. 3:20-CV-5367-BHS-DWC

ORDER

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff proceeding *pro se*, initiated this action on April 17, 2020. Dkt. 1.

      On September 10, 2020, the Court ordered counsel for Defendants to show cause on or before October 9, 2020 why the Court should not direct the U.S. Marshal to personally serve Defendants Taylor, Henry, Smith, and Bangs and assess the cost of personal service pursuant to Federal Rule of Civil Procedure 4(d)(2). Dkt. 37. On October 8, 2020, Defendants Bangs, Taylor, and Smith filed waivers of service and filed an Answer to Plaintiff's Complaint. Dkt. 39, 40. This satisfies the Court's requirement for Defendants Bang, Taylor, and Smith.

1  The same day, counsel for Defendants filed a Response to the Court's Order indicating 2 Defendant "Henry" does not exist. Dkt. 41. Counsel for Defendants states according to the Legal 3 Liaison Officer at Stafford Creek Corrections Center, there is no individual named Mr. or Mrs. 4 Henry currently working at the facility. Dkt. 41, 42, Declaration of Counsel. Counsel for 5 Defendants was able to confirm the individual who responded to the referenced kite attached to 6 Plaintiff's Complaint, Dkt. 5 at 63, is another staff member, Dr. Ryan Herrington. Dkt. 42 at 2.

7  Plaintiff bears the burden of providing accurate and sufficient information to effect 8 service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994); *see also* Fed. R. Civ. P. 4. When a 9 plaintiff fails to provide the Court with accurate and sufficient information to effect service of 10 the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved 11 defendant. *Walker*, 14 F.3d at 1421-22 (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 12 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).

13  At this time, there is no indication from Plaintiff whether he has attempted to identify 14 Defendant Henry through the discovery process. However, it remains Plaintiff's responsibility to 15 provide sufficient information to effect service. *See Walker,* 14 F.3d at 1421-22. Therefore, 16 Plaintiff is ordered to provide the full name and address of Defendant Henry on or before 17 December 10, 2020. If Plaintiff is unable to provide the Court with the complete name and 18 address of Defendant Henry, the Court will recommend dismissal of Defendant Henry without 19 prejudice from this case.

20  Dated this 5th day of November, 2020.

David W. Christel
United States Magistrate Judge

ORDER - 2