UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYNTREL TREVYONE JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>BERKEY, et al.,<br><br>        Defendants. | CASE NO. 3:19-CV-6101-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 11, 2020 |

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Kyntrel Trevyone Jackson to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's "Motion for Preliminary Injunction and Appointment of Counsel."[1] Dkt. 59 (hereinafter "Motion").

Also pending is Defendants' Motion for Summary Judgment, which is currently noted for the Court's consideration on January 8, 2021. Dkt. 51, 65.

---

[1] Plaintiff has filed nearly identical motions in four other cases pending in this Court. *See Jackson v Patzkowski, et al.*, 18-cv-01508-RSM-MLP; *Jackson v. Berkey, et al.*, 20-cv-05016-BHS-DWC; *Jackson v. Thrasher, et al.*, 3:19-cv-05756-BJR-DWC; and *Jackson v. Sinclair, et al.*, 20-cv-05017-BHS-JRC.

REPORT AND RECOMMENDATION - 1

The Court concludes it does not have jurisdiction to order the injunctive relief Plaintiff seeks against non-parties and Plaintiff has not demonstrated any threat of irreparable injury. Accordingly, the Court recommends the Motion be denied.

## BACKGROUND

Plaintiff, who is currently housed at Washington Corrections Center ("WCC"), alleges Defendants violated his constitutional rights while he was housed at Stafford Creek Corrections Center ("SCCC"). *See* Dkt. 11. Specifically, Plaintiff alleges he was allergic to the soap provided and Defendants failed to provide him with an alternative soap, Defendants failed to properly respond to his grievance complaints, and Plaintiff was subject to retaliation for filing a Prison Rape Elimination Act ("PREA") allegation. Dkt. 11.

On October 28, 2020, Plaintiff filed the Motion (via United States mail as a paper filing), arguing since September 21, 2020, Plaintiff has not received any of the Court's electronic filings and has been denied the right to electronically file any documents at WCC. Dkt. 59. Plaintiff alleges he has been "ignored" by the WCC law librarian, non-party John Thompson. Dkt. 59 at 1. Plaintiff also requests the appointment of counsel "due to the inability to conduct legal proceedings at WCC." Dkt. 59 at 2.

On November 13, 2020, Defendants filed a Response opposing the Motion. Dkt. 62, 63. Plaintiff has not filed a reply. *See* Dkt.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines,* 325 U.S. at 220.

1  Initially, the Court notes the claims in the current Motion are wholly unrelated to the
2 claims raised in the underlying Complaint. In the Complaint, Plaintiff alleges Defendants failed
3 to provide him with an alternative soap option, Defendants failed to properly respond to his
4 grievance complaints, and Plaintiff was subject to retaliation for filing a Prison Rape Elimination
5 Act ("PREA") allegation. Dkt. 11. By contrast, in the Motion, Plaintiff requests relief in the form
6 of electronic delivery and submission of pleadings and Plaintiff be permitted to sign for all
7 electronic filings on receipt. Dkt. 59 at 2. Plaintiff also requests counsel be appointed.[2] *Id.* The
8 conduct in the Motion allegedly occurred more than eleven months after Plaintiff initiated this
9 lawsuit in November 2019 and does not relate to his challenges to the grievances process,
10 allegations of retaliation, or alleged denial of soap while housed at SCCC. Dkt. 1, 11.

11  Generally, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the
12 complaint, the court does not have the authority to issue an injunction." *See Pac. Radiation*
13 *Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). However, courts have
14 recognized an exception to this rule when the preliminary injunction alleges an interference with
15 the movant's access to the courts. *See Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)
16 (where the preliminary injunction relates to the inmate's access to the district court, the district
17 court need not consider the merits of the underlying complaint in considering whether to grant a
18 preliminary injunction); *Prince v. Schriro,* 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009);

---

[2] To the extent Plaintiff's request for counsel can be construed as a standalone request, the Court recommends Plaintiff's request be denied as Plaintiff has not demonstrated exceptional circumstances exist in this case to warrant the appointment of counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (No constitutional right to appointed counsel exists in a § 1983 action.); *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998) (However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).). Plaintiff has filed a Complaint adequate for service, and his other filings have been adequate for the Court to understand Plaintiff's requests. The legal issues involved in this case are not overly complex, nor has Plaintiff shown he is likely to succeed on the merits of this case. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

*Manning v. Bunnell,* 2015 WL 2358593 at *4 (E.D. Cal. May 15, 2015), *report and recommendation adopted,* 2015 WL 4602865 (E.D. Cal. July 29, 2015); *Estevez v. Hedgpeth,* 2010 WL 4279453 at *1 (E.D. Cal. Oct. 22, 2010). Similar to *Diamontiney*, Plaintiff alleges he is not able to send or receive electronic filings with the Court, which is affecting his ability to pursue multiple cases. *See Diamontiney*, 918 F.2d at 796. Given this precedent, the Court declines to deny the Motion on this basis. However, there are two other reasons why the Motion should be denied.

      First, Plaintiff seeks preliminary injunctive relief against non-party Thompson who is not named in the underlying Complaint. *See* Dkt. 11, 59. This Court cannot issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); Fed. R. Civ. P. 65(d)(2) (providing that a preliminary injunction binds only parties; the parties" officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with them). Plaintiff has failed to establish how any of the named Defendants were or are involved in denying Plaintiff the ability to send and receive documents using the prisoner electronic filing system at WCC. While Defendant Berkey, an advanced registered nurse practitioner, now works at WCC,[3] Plaintiff has not alleged Defendant Berkey had any involvement in the alleged denial of access to the Court's electronic filing system. *See* Dkt. 11, 59. The remaining named Defendants in this matter are officials or employees of the Washington Department of Corrections ("DOC"), located primarily at SCCC in

---

[3] Defendant Berkey was previously employed at SCCC. Dkt. 11, 53.

1 | Aberdeen, Washington, and at DOC Headquarters in Olympia, Washington during the period of
2 | Plaintiff's allegations. *See* Dkt. 11. Plaintiff has not demonstrated how any of the named
3 | Defendants are responsible for the allegations in the Motion. For these reasons, this Court
4 | therefore lacks jurisdiction to order the relief Plaintiff seeks.
5 |      In addition, even if the Court had jurisdiction, Plaintiff has failed to demonstrate a
6 | significant threat of irreparable injury. In the context of preliminary injunctive relief, irreparable
7 | harm is established when a plaintiff is unlikely to be made whole by an award of monetary
8 | damages or some other legal remedy at a later date, in the ordinary course of litigation." *Edge*
9 | *Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) (citing *California*
10 | *Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th Cir. 2009)). Plaintiff must
11 | demonstrate real and immediate threat of future injury; past injury is largely irrelevant. *See*
12 | *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974); *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *City of*
13 | *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  In cases brought by prisoners involving
14 | conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no
15 | further than necessary to correct the harm the court finds requires preliminary relief, and be the
16 | least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).
17 |      The allegations in Plaintiff's Motion implicate his right of access to the courts. In *Lewis*
18 | *v. Casey,* 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a
19 | constitutionally protected right to access the courts to bring civil rights actions to challenge their
20 | conditions of confinement and to bring challenges to their criminal convictions. *Lewis v. Casey,*
21 | 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but
22 | rather the conferral of a capability—the capability of bringing contemplated challenges to
23 | sentences or conditions of confinement before the courts." *Id.* at 356. To prevail on a matter that
24 |

implicates the right of court access, plaintiff must present evidence that defendants by their acts could cause him to lose an actionable claim of this type. *Id.*

In opposition to the Motion, Defendants have presented evidence that between September 21, 2020 and October 30, 2020, Plaintiff has not been denied access to the Court's electronic filing system. Dkt. 62, 63. Defendants submit logs identifying numerous dates on which Plaintiff used the WCC electronic filing system to either file or receive documents during the time at issue. *See* Dkt. 63, *Decl. of Yvonne Brumfield*, 4-5, 9, 15, 25, 35, 46; *Decl. of Raymond Brandt,* 4, 10, 20, 30, 41-43. For example, Defendants submitted a log identifying the documents Plaintiff received, cases in which the documents were filed, and dates upon which Plaintiff received each document. Dkt. 63, *Decl. of Brumfield,* Attachment A; Attachment B (list of documents hand-delivered to Plaintiff); Attachment C (Plaintiff's library call outs from September 21, 2020 to October 30, 2020). Defendants also submitted evidence indicating Mr. Brandt delivered numerous documents directly to Plaintiff and Plaintiff initialed the first pages of the ECF notices acknowledging his receipt. Dkt. 63, *Decl.of Brandt,* Attachments A (signed ECF notices) and Attachment B (list of documents delivered to Plaintiff and Plaintiff's initials and signature acknowledging receipt). Thus, the evidence tendered by Defendants belies Plaintiff's allegations to the contrary. Moreover, Plaintiff has not demonstrated he is faced with a significant threat of irreparable harm in the absence of the requested relief. The Court has granted Plaintiff an extension of time to file a supplemental response to Defendants' Motion for Summary Judgment, which is the only other pending motion in this case. *See* Dkt. 65. Therefore, even if Plaintiff had been denied access to the Court's electronic filing system, Plaintiff has not demonstrated an immediate threat of substantial irreparable injury.

1     Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of

2 preliminary relief,' *Winter,* 129 S.Ct. at 374, [the Court] need not address the . . . remaining

3 elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166,

4 1174 (9th Cir. 2011).

## CONCLUSION

6     Accordingly, the Court recommends the Motion (Dkt. 59) be denied.

7     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

8 Procedure, the parties shall have fourteen (14) days from service of this Report to file written

9 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

10 objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

11 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

12 December 11, 2020, as noted in the caption.

14     Dated this 20th day of November, 2020.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge