# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

KYNTREL TREVYONE JACKSON,

        Plaintiff,

v.

B. BERKEY, et al.

        Defendants.

CASE NO. C19-6101 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 69, and Plaintiff Kyntrel Jackson's objections to the R&R, Dkt. 70.

Jackson, a prisoner proceeding pro se and *in forma pauperis*, alleges that he has been deprived of soap in violation of his Eighth Amendment rights because he allegedly has an allergy to the only soap available to prisoners confined in the Intensive Management Unit ("IMU") of the Stafford Creek Corrections Center ("SCCC"). Dkt. 11. He also alleges that he was retaliated against after filing a complaint asserting his medical examination for allergies was improperly conducted and that the prison's grievance procedures violate his due process and First Amendment rights because the procedures do

not provide a way to validate the date upon which a grievance or response is received. *Id.* Jackson thus brings claims against the Washington State Department of Corrections ("DOC") Secretary, Stephen Sinclair; the DOC Intensive Management Unit ("IMU") Manager, Timothy Thrasher; SCCC Superintendent R. Haynes; two DOC headquarters Grievance Program Managers, Dale Caldwell and Ronald Frederick; SCCC medical providers ARNP Bobbie Berkey and nurses A. Johnson and K. Cresswell; SCCC Health Services Managers Keith Parris and Tim Taylor; SCCC Grievance Coordinator, Dennis Dahne; DOC Prison Rape Elimination Act ("PREA") Coordinator, Beth Schubach; and DOC Health Services Administrator Ronna Cole.

In October 2020, Defendants moved for summary judgment, arguing that Jackson has failed to present evidence supporting his Eighth Amendment claim, that he has failed to state a viable claim for retaliation, and that his grievance process claims fail as a matter of law. Dkt. 35. They additionally argued, in the alternative, that they are entitled to qualified immunity. *Id.* On February 22, 2021, Judge Creatura issued the instant R&R, recommending that the Court grant Defendants' motion for summary judgment. Dkt. 69. Judge Creatura concluded that Jackson has failed to adduce evidence of a soap allergy sufficient to show an excessive risk to his health and safety in violation of the Eighth Amendment and has failed to establish the Defendants' personal participation in a violation of his Eighth Amendment rights. He further concluded that Jackson's retaliation claim fails because Jackson has failed to establish any adverse action against him caused by his protected activity and that Jackson's grievance process claims fail as a matter of law.

On March 23, 2021, Jackson objected to the R&R. Dkt. 70. On March 30, 2021, Defendants responded. Dkt. 73.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Jackson attributes six errors to the R&R, some of which are duplicative arguments. His main objection is that the R&R failed to give enough weight to his declaration asserting that he is in fact allergic to the soap. *See* Dkt. 70 at 1–3 (Errors 1, 3, 4, 6). The Court agrees with the R&R that Jackson must come forward with some evidence that he in fact has an allergy to survive Defendants' motion for summary judgment. This could be accomplished, for example, through medical records of past allergies or through declarations of medical providers confirming an allergy. As noted by Defendants, genuine issues of material fact are not raised by conclusory or speculative allegations, like the allegations found in Jackson's declaration. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). The R&R properly held Jackson to the summary judgment standard and required Jackson to come forward with evidence to support his claim.

Jackson next argues that the R&R erred in not finding a genuine dispute of material fact over whether he has a soap allergy and relies on his previous litigation over access to alternative toothpaste. *See* Dkt. 70 at 1–3 (Errors 2, 3, 6). Jackson previously sued DOC for Eighth Amendment violations arising out of his alleged allergy to the toothpaste that was provided to him while he was housed at the Monroe Correctional

Complex. *See Jackson v. Dep't of Corrections Washington*, 16-1856-RAJ-MAT, Dkt. 45 (Feb. 22, 2018). In that case, Magistrate Judge Theiler recommended that the defendants' motion for summary judgment be denied, concluding that there were issues of material fact to support a deprivation of personal hygiene claim under *Board v. Farnham*, 394 F.3d 496 (7th Cir. 2005). *Id.* at 10–11. But Judge Theiler's report and recommendation is only persuasive authority on this Court and cannot be used either to create a dispute of material fact or to establish that Defendants here acted with deliberate indifference.

To establish a violation of the Cruel and Unusual Punishment Clause, a prisoner must make an "'objective showing' that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied*, 532 U.S. 1065 (2001) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Further, a prisoner must show that the defendant acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Defendants here have provided evidence that shows that Jackson was examined by at least five medical professionals who found no sign of a soap allergy. Dkt. 52-1 at 21–22, 35, 38, 41, 43; Dkt. 53. Indeed, the Defendants' evidence shows that medical professionals responded to Jackson's medical kites asserting an allergic reaction to soap. The Court cannot say that the Medical Defendants (i.e., Berkey, Johnson, and Creswell) acted with deliberate indifference here. Moreover, the Court agrees with the R&R's analysis about the lack of personal participation by the remaining Defendants, *see* Dkt. 69 at 13–16, and it cannot be said that they acted with deliberate indifference to amount to an Eighth Amendment violation. The Court thus agrees with the R&R that Jackson has failed to create a dispute

of material fact and also concludes that Jackson has failed to establish that the Defendants acted with deliberate indifference.

Finally, Jackson objects to the R&R's citations to specific case law. Dkt. 70 at 2–3 (Error 5). He argues that *Wilhelm v. Enenmoh*, 608 F. App'x 513 (9th Cir. 2015), *Martin v. Morris*, No. CV 10-5232-PSG PJW, 2013 WL 4588735 (C.D. Cal. Aug. 28, 2013), *aff'd*, 586 F. App'x 358 (9th Cir. 2014), and *Parks v. McDaniel*, No. 03:06-CV-00095LRHVPC, 2007 WL 2891499 (D. Nev. Sept. 28, 2007), are inapplicable. While Jackson distinguishes the particular facts of each case from his facts, the R&R properly relied on these cases for their principles in determining whether an Eighth Amendment violation has been established for a prisoner's allergy to soap. All three cases concluded that the plaintiffs failed to establish their allergy to the prison soap or the harm the soap inflicted. *See, e.g.*, *Martin*, 2013 WL 4588735 at *2–3 ("Plaintiff bears the burden of establishing that he was allergic to prison soap and needed special soap to maintain his hygiene and he failed to do so here."). The R&R properly relied on these cases as persuasive authority to conclude that Jackson has not established Eighth Amendment claim.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment is **GRANTED**, and Plaintiff's claims are dismissed with prejudice;

(3) Jackson's *in forma pauperis* status is **REVOKED** for purposes of appeal;

(4) The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants, and to the Hon. David W. Christel; and

(5) The Clerk shall enter a JUDGMENT and close the case.

Dated this 24th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge